Eva Van SCHIJNDEL, individually, as successor in interest & heir of Johannes Van Schijndel, deceased & as personal representative of the estate of Johannes Van Schijndel deceased; Laura Van Schijndel, a minor, successor in interest & heir of Johannes Van Schijndel deceased, by and through her Guardian, Eva Van Schijndel; Lucas Van Schijndel, a minor, successor in interest & heir of Johannes Van Schijndel, deceased, by and through his Guardian, Eva Van Schijndel; Sophia Van Schijndel, a minor, successor in interest & heir of Johannes Van Schijndel, deceased, by & through her Guardian, Eva Van Schijndel, Plaintiffs–Appellants,

and

Low Nguan Noi; Ellis Yue Farn Jye; Eric Yue Farn Jun; Evan Yue Farn Sheng; Elena Yue Siau Chi; Ang Ming Chuang; Tan Seow Meng; Ng Siok Chin; Elaine Tan Whee Ling; Chok Fook Chiong, Plaintiffs,

v.

The BOEING COMPANY, a corporation; Goodrich Corporation, a corporation formerly known as B.F. Goodrich Company, Defendants–Appellees.

No. 06–55930.

United States Court of Appeals, Ninth Circuit.

Submitted July 26, 2007.

Filed Jan. 7, 2008.

Donald J. Nolan, William J. Jovan, Esq., Nolan Law Group, Chicago, IL, Kevin M. McGuire, Esq., Manly & McGuire, Costa Mesa, CA, for Plaintiffs–Appellants.

Alen M. Collier, Esq., Mendes & Mount, LLP, Los Angeles, CA, Katherine L. Hilst, Perkins Coie, LLP, Seattle, WA, Ronald A. McIntire, Esq., Chung H. Han, Esq., Perkins Coie, LLP, Santa Monica, CA, for Defendants–Appellees.

Before: KOZINSKI, Chief Judge, REINHARDT, and BERZON, Circuit Judges.

## MEMORANDUM *

The Van Schijndels appeal from the district court's grant of defendants' motion to dismiss on *forum non conveniens* grounds. We affirm the district court.

### I

The previous Ninth Circuit decision did not preclude consideration of additional motions based on *forum non conveniens*. In *Van Schijndel I*, the panel majority expressed no opinion as to whether the facts of the case warranted dismissal on the ground of *forum non conveniens*, nor did it instruct the district court not to consider renewed *forum non conveniens* motions. As a result, the only "law of the case" established by the panel opinion was a requirement that the district court not repeat the errors of its earlier analysis.

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

■ In granting the renewed motion for dismissal for *forum non conveniens*, the district court avoided the errors identified in *Van Schijndel I.* The court explicitly held that Singapore was an adequate alternative forum and compared the Van Schijndels' choice of forum with Singapore. In addition, the court made clear its understanding that the Van Schijndels' claims were based on product liability for faulty manufacturing of evacuation and emergency equipment, rather than on the integrity of the aircraft on impact. Lastly, the district court did not rely on contradictory reasoning about joint versus separate trials; it held only that prejudice could result to Boeing if forced to proceed without Singapore Airlines. The district court thus did not violate our mandate.

## II

■ The Van Schijndels also argue that the district court abused its discretion in weighing the public and private interest factors relevant to a *forum non conveniens* determination. In dismissing an action on *forum non conveniens* grounds, a district court "must examine: (1) whether an adequate alternative forum exists, and (2) whether the balance of private and public interest factors favors dismissal." *Lueck v. Sundstrand Corp.*, 236 F.3d 1137, 1142 (9th Cir.2001).[1] The district court did not abuse its discretion.

In weighing the private interest factors, the district court properly considered the fact that many important witnesses and a great deal of evidence relevant to contributory causes of the Van Schijndel's injuries is located in Singapore. *See id.* at 1146 (giving the location of evidence regarding contributory fault of an air carrier substantial weight in the *forum non conveniens* analysis in a products liability case).

Moreover, some of the evidence in Singapore has a nexus with the products liability claim itself, as Singapore Airlines possesses the maintenance records for the aircraft. The district court thus did not abuse its discretion in considering the location of this evidence.

The district court also did not abuse its discretion in weighing the public interest factors. The Van Schijndels argue that the district court erred by comparing the interest of only California with that of Singapore, rather than the interest of the United States as a whole. But the district court did consider the United States' interest in the lawsuit. The district court analyzed a number of factors whose significance remains the same whether the comparison is to California or to the United States as a whole, such as United States law on impleading defendants, and the location of evidence in Singapore. Moreover, the district court acknowledged the interest of the United States in the lawsuit, noting that "the aircraft and some components were manufactured in the United States," but concluded that Singapore's interest is greater.

For the foregoing reasons, the decision of the district court is **AFFIRMED**.

---

1. The Van Schijndels did not argue before the district court and have not argued on appeal that Singapore is not an adequate alternative forum.